■    In the Matter of SHEPARD ELLENBERG, Respondent, v. DANIEL W. JOY, as Commissioner of the Department of Rent and Housing Maintenance of the City of New York, Appellant, and MYRNA GREENFIELD, Intervenor-Appellant. — Judgment, Supreme Court, New York County, entered March 19, 1974, granting the petition and annulling the determination of the respondent which had denied petitioner's application for a certificate of eviction, unanimously reversed, on the law, and vacated, the petition dismissed and the determination of respondent-appellant reinstated.    Appellants shall recover of petitioner-respondent $60 costs and disbursements of this appeal.    It appears that petitioner previously sought and obtained a certificate of eviction for the parlor floor apartment in the subject premises.    It was then indicated that that apartment was particularly suitable for petitioner's needs.    No mention was made of needed space for his business or for servants.    Subsequently, the tenant in the rear basement apartment voluntarily agreed to move and accordingly, it appears that the entire basement apartment is available for petitioner's use and occupancy.    Despite petitioner's prior assertion that the parlor apartment was sufficient in and of itself, it does not appear that he and his family have ever occupied the space available in the building for residential purposes.    But, it has been shown that petitioner has been using the parlor floor apartment in connection with his business.    Petitioner attempts to justify his piecemeal applications for apartments by claiming that respondent initially advised him to proceed in that manner.    Not only was that allegation denied by the respondent, but it is belied by the prior application, for at that time petitioner urged that the parlor apartment then sought was sufficient for his needs.    Accordingly, there was no need to discuss or consider piecemeal applications.    We therefore believe that the record establishes a rational basis for the conclusion that petitioner was not proceeding in good faith (Administrative Code of the City of New York, § Y51–6.0, subd. b, par. [1]) and accordingly, it was error for the court to substitute its judgment for that of the respondent (*Matter of Hamel* v. *Altman*, 36 A D 2d 521).    Concur — Steuer, J. P., Tilzer, Capozzoli and Macken, JJ.

■    WESTBURY POST AVENUE ASSOCIATES, Respondent-Appellant, v. GREAT ATLANTIC AND PACIFIC TEA COMPANY, Appellant-Respondent.— Order, Supreme Court, New York County, entered April 8, 1974, denying a motion and cross motion for summary judgment, unanimously modified, on the law, without costs and without disbursements, to grant summary judgment to the plaintiff.    The defendant rents a store in Westbury, Long Island, under a lease made with plaintiff's predecessor in interest, which contains a tax escalation clause reading in part as follows: "Lessee shall, commencing with the first full year of tax assessment on the herein leased premises * * * reimburse Lessor for the increase, if any, of its proportionate share of real estate taxes assessed against the demised premises, which exceeds the real estate taxes assessed against said demised premises for the previous year."    The escalation provision attributed 78% of the tax increase liability to the defendant and limits its exposure for increased payment in any one year to $2,000.    Defendant takes the position that in any one year it is to pay only the tax increase over the previous year, and that the increases of the previous years are not carried forward as part of the new payment.    In the context of the arrangement and lease between the parties, such interpretation would achieve an absurd result.    (*River View Assoc.* v. *Sheraton Corp. of Amer.*, 33 A D 2d 187, affd. 27 N Y 2d 718.)    Settle order on notice.    Concur — Nunez, J. P., Kupferman, Lupiano and Steuer, JJ.